### STAR MORTGAGE CO. v. FRIEDLAND.

(Supreme Court, Appellate Term, First Department. December 16, 1913.)

LANDLORD AND TENANT (§ 184*)—BREACH BY TENANT—FORFEITURE OF DEPOSIT.
    A lease provided that, if the tenant failed to comply with any of its terms and conditions, then the landlord may retain the sum of $500 deposited as liquidated damages for any such breach or default by the tenant, the parties agreeing that in the event of any such breach the damages by reason of re-entering or otherwise are unascertainable, and for that reason liquidated damages were fixed. *Held*, that where lessee's only breach was in not paying rent, damages for which were ascertainable, he was entitled to have his deposit returned after deducting therefrom any rent due.

    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 743–750; Dec. Dig. § 184.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Star Mortgage Company against Anna Friedland. From a judgment for defendant, plaintiff appeals. Reversed, and judgment directed for plaintiff as stated.

Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

A. A. Silberberg, of New York City, for appellant.
James A. Turley, of New York City, for respondent.

GUY, J. This action was brought to recover rent aggregating $468 for the first 27 days of March, 1913, under a written lease. The answer denies the material allegations of the complaint, alleges that the monthly rent was at the rate of $520, and sets up a counterclaim for $500, the amount deposited by plaintiff with defendant as security for the faithful performance of the lease. Defendant recovered the balance of the deposit over the rent for the 27 days. Defendant was dispossessed on March 27, 1913, pursuant to a final order of the Municipal Court. The lease provided that the rent of $520 a month was payable in equal monthly installments in advance on the 1st day of each and every month, and further:

"In the event the tenant fails to comply with any of the terms, stipulations, and conditions herein contained, that then the landlord may keep and forever retain said sum of $500 as and for *liquidated damages* to the landlord for any such breach or default by the tenant, the parties hereto agreeing that, in the event of any such breach or default by the tenant, the damages to the landlord by reason of re-entering or otherwise are unascertainable, and for that reason liquidated damages as aforesaid are hereby fixed and agreed upon between the parties hereto."

There is no evidence that defendant violated any covenant of the lease to which this provision would apply. Her only breach was nonpayment of rent, the damages for which were ascertainable. Upon being dispossessed, defendant became entitled to have the deposit credited on the amount of rent due, and to a return of the balance, if any.

The judgment must therefore be reversed, and judgment awarded to plaintiff for $468 damages, besides costs in this court and in the court below; the deposit of $500 to be credited on the judgment, and no judgment to be docketed or execution issued except for the amount due, if any, over and above the amount of the $500 deposit; any balance of such deposit, if any, remaining after the payment of the judgments, besides the costs of this court and the court below, to be reclaimable by defendant. All concur.